CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
August 14, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Crystal Allman | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Gary Allman, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:25-cv-00150 |
| | ) | |
| v. | ) | |
| | ) | |
| Paul Titus, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiffs Crystal Allman and Gary Allman ("the Allmans") bring this suit against Paul Titus, who acted as a court-appointed guardian *ad litem* for Crystal Allman in the Augusta County Juvenile & Domestic Relations ("JDR") Court. This matter is before the court on the Allmans' application for leave to proceed *in forma pauperis*, (Dkt. 2), and Titus's motion to dismiss the Allmans' complaint, (Dkt. 6.) The court will grant the Allmans' application for leave to proceed *in forma pauperis*. But for the following reasons, the court will grant Titus's motion to dismiss.

## I. Background

The Allmans allege that Titus committed "serious misconduct, deliberate indifference, and constitutional violations" while acting as a court-appointed guardian *ad litem* in the Allmans' child custody proceedings in the Augusta County JDR Court. (Compl. at 1 (Dkt. 1).)

At some point, Titus was appointed by the court to be Crystal Allman's guardian *ad litem*, she fired him, and the JDR court judge "forced [him] back into the case over Crystal's objection." (*Id.* at 1–2.)

During the proceedings, Titus "consistently acted contrary to Crystal's expressed wishes" by "discourag[ing] presentation of exculpatory evidence" in favor of the Allmans, "promot[ing] [Child Protective Services's] narrative," and "refus[ing] to challenge false or misleading testimony from" representatives of the Virginia Child Protective Services ("CPS") and foster care system in court. (*Id.* at 2–3.) Further, when the Allmans notified the court and Titus of Crystal's need for disability-related accommodations, Titus "ignored these requirements and failed to advocate for reasonable accommodations . . . allow[ing] Crystal's disability-related behaviors to be weaponized against her in court." (*Id.* at 3.) According to the Allmans, Titus was close personal friends with James Glick, CPS's attorney on the case, and often "met privately with CPS, Foster Care, and Glick inside the courthouse" before child custody hearings. (*Id.* at 3.) The Allmans allege that these meetings "constituted unlawful ex parte coordination." (*Id.*)

In May 2025, before a hearing in JDR court, Titus told the Allmans that he had asked Glick to "let up," but that Glick merely responded, "we will see." (*Id.* at 4.) Despite knowing that "Crystal was not a danger to her children" and that "CPS and Glick were pursuing a predetermined agenda," Titus "took no corrective action" and instead "continued to align himself with CPS and Glick." (*Id.* at 2, 4.) Further, Titus admitted that he was "afraid of

losing [his] job before retirement," which, the Allmans maintain, constituted an "abandonment" of his duty as a guardian *ad litem*. (*Id.* at 3.)

The Allmans filed suit against Titus on December 19, 2025. (Compl.) The complaint alleges due process violations (Count I) and conspiracy (Count II) under 42 U.S.C. § 1983; violations of the Americans with Disabilities Act ("ADA") (Count III) and the Rehabilitation Act (Count IV); and gross negligence and breach of fiduciary duty (Count V). (*See id.* at 5.) Titus was never served with the complaint. (*See* Def.'s Br. at 9 (Dkt. 7)). The Allmans moved for an extension of time to serve on April 8, 2026, which is pending before the court. (Dkt. 5.) Titus moved to dismiss the complaint on April 15, 2026. (Dkt. 6.) The Allmans did not respond to the motion to dismiss.

## II. Standard of Review

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). They do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss for failure to state a claim, "a court must consider the factual

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Bing*, 959 F.3d at 616.

## III. Analysis

Counts I and II fail because Titus is granted quasi-judicial immunity from suits under 42 U.S.C. § 1983 for his acts as a guardian *ad litem*. Like prosecutors and judges, guardians *ad litem* are afforded quasi-judicial immunity from § 1983 actions if their acts are "within the judicial process." *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994); *Bailey v. Ritchie*, No. 5:25-cv-00141, 2026 WL 210416, at *4 (W.D. Va. Jan. 27, 2026) (collecting cases). Here, all of Titus's alleged misconduct occurred while he was acting as Crystal Allman's court-appointed guardian *ad litem* in connection with the Allmans' child custody proceedings. (*See generally* Compl. at 2–4.) Thus, even assuming arguendo that Titus engaged in "misfeasance of [his] duties," he is afforded absolute immunity for that conduct. *Fleming*, 42 F.3d at 889 ("Even if [Defendant guardian *ad litem*] lied to the judge in open court, she was still acting as the guardian, and is immune from § 1983 liability."). The Allmans' § 1983 claims therefore must fail, and the court will dismiss Counts I and II.

Counts III and IV also fail because Titus cannot be sued under the ADA or the Rehabilitation Act as a private individual. "Title II of the ADA recognizes a cause of action for discrimination against public entities, not against private individuals." *Farabee v. Gardella*, No. 7:16-cv-00326, 2018 WL 406254, at *10 (W.D. Va. Jan. 12, 2018) (citing *Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999)). And "[a]s with Title II of the ADA, Section 504 of the Rehabilitation Act also does not permit actions against persons in their individual capacities."

*Taylor v. Leggett*, No. PX 16-115, 2017 WL 1001281, at *3 (D. Md. Mar. 15, 2017) (citing *Baird*, 192 F.3d at 472) (cleaned up). Further, the Allmans do not allege that Titus was acting on behalf of a public entity or as a state actor for purposes of the ADA.[1]

Even if Titus could be sued under the ADA or the Rehabilitation Act, the Allmans fail to state either claim. A plaintiff seeking recovery under either statute must "allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rector & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).[2] The Allmans fail to adequately allege which disability Crystal has and how that impairment substantially limits one or more major life activities, why she was otherwise entitled to certain public benefits, or how she was excluded from participation in or denied the benefits of any service because of her disability. The Allmans' vague allegations, including that Titus "ignor[ed] mandatory ADA . . . requirements," "failed to advocate for reasonable accommodations" for Crystal, and "allowed Crystal's disability-related behaviors to be weaponized against her in court," (Compl. at 1, 3), simply do not suffice to state a claim. Accordingly, the court will dismiss Counts III and IV.

---

[1] In similar circumstances, courts have found that court-appointed attorneys (including guardians *ad litem*) are not state actors for the purposes of § 1983 suits. *See, e.g.*, *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (finding that a court-appointed attorney is not a state actor for purposes of § 1983); *see also Blackwell v. Stiltner*, No. 7:24-cv-00271, 2024 WL 4638800, at *1–2 (W.D. Va. Oct. 20, 2024) (same); *Parkell v. South Carolina*, 687 F. Supp. 2d 576, 586 (D.S.C. 2009) (same for guardians *ad litem* specifically).

[2] While the causation prong analysis differs between the two statutes, the overall 12(b)(6) analysis is substantially the same, and if the ADA claim fails, so too must the Rehabilitation Act claim. *See Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018).

Next, the court declines to exercise supplemental jurisdiction over the Allmans' state-law claims in Count V. A district court "may decline to exercise supplemental jurisdiction" when it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(a); *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024). The court does not have federal question jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1331. And diversity jurisdiction does not appear to be satisfied on the face of the Complaint.[3]

District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The factors that inform this discretionary decision include "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* This case is still in the early stages of litigation, as service has not yet been completed. (*See* Def.'s Br. at 9; Dkt. 5.) Thus, declining to exercise jurisdiction would not be "inconvenient, unfair, or wasteful of judicial resources." *Henderson*, 102 F.4th at 252. When a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state-law claims. *Id.* at 251; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining

[3] Plaintiffs have the burden of establishing subject matter jurisdiction. *Demetres v. E. W. Constr., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). The Allmans do not allege diversity jurisdiction, and it appears that all parties are citizens of Virginia. (*See* Compl. at 2.)

state-law claims."). Accordingly, the court declines to exercise supplemental jurisdiction over Count V.

## IV. Conclusion and Order

The Allmans' application for leave to proceed in forma pauperis is **GRANTED**. For the above reasons, Titus's motion to dismiss, (Dkt. 6), is **GRANTED**. Counts I, II, III, and IV are **DISMISSED with prejudice**. Count V is **DISMISSED without prejudice**. The Clerk is directed to close the case. All pending motions are therefore **DENIED** as moot.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to the Allmans and all counsel of record.

**IT IS SO ORDERED**.

**ENTERED** this 14th day of August, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE